ROBERT P. SMITH, Jr., Judge,
dissenting:
I fear the trial court’s judgment is rather too much influenced by professional opinions that the highest and best financial use of this property is a commercial or professional office building — is it not always so?— and that “it is just a matter of time” before Baymeadows Road, on which the property fronts, will be widened, followed by more traffic and inevitably by commercial development. The land in question can legally and practicably be developed for residential purposes in one of several classifications which are less intensive than commercial-professional use. Moreover, the property is located in a one-mile-long segment of Bay-meadows Road which is insulated by a creek at one end and a major intersection at the other, and in which there is no commercial development whatsoever. In the neighborhood the predominant use — virtually the exclusive developed use, except for a wholesale nursery and a residence where a man sharpens saws for a living — is residential.
The trial court’s judgment requiring rezoning of this property will of course usher in similarly intensive uses all up and down this previously protected segment of Bay-meadows Road, to the doubtful comfort of existing residents. The character of the neighborhood is to be judicially changed now on the ground that adjacent neighborhoods have changed, and this one, too, will inevitably change.
Considering that rezoning was denied by the city’s zoning board, by the urban affairs committee of the city council, and by that legislative body itself, I think rezoning at *566 this time, and the resulting conversion of the area into commercial development, is a fairly debatable proposition, and that circuit court intervention is at least premature and probably wrong in principle. I would therefore sustain the city council’s judgment in the matter and reverse that of the circuit court. Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979).